**STATE of Missouri, Plaintiff–Respondent,**

v.

**Douglas C. INGLERIGHT, Defendant–Appellant.**

**No. 16161.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 4, 1990.

148

S. Dean Price, Asst. Public Defender, Springfield, for defendant-appellant.

Eric Hutson, Asst. Pros. Atty., Lebanon, for plaintiff-respondent.

HOGAN, Judge.

In this court-tried case, defendant Douglas C. Ingleright was convicted of possessing drug paraphernalia in violation of § 195.020.2, RSMo 1986. Defendant's pun-ishment was assessed at confinement in the county jail for 30 days. He appeals, challenging the sufficiency of the evidence to support the judgment of conviction. We affirm.

On October 18, 1987, Trooper Douglas Schultz was patrolling Interstate Highway 44 in Webster County. While he was driving west, Trooper Schultz observed two eastbound vehicles traveling at an extremely high rate of speed. Trooper Schultz estimated the speed of the two vehicles to be about 100 miles per hour. Schultz crossed the median, gave chase and overtook the two automobiles as they entered Laclede County. Schultz was able to stop the lead vehicle, but was unable to intercept the second. The second automobile was a blue Buick equipped with Michigan license plates. Schultz contacted patrol headquarters by radio and asked for assistance in stopping the Buick. Schultz "gave a description and the license number" of the Buick.

Trooper Michael Cooper was on patrol in Lebanon when he received a radio call instructing him to assist Trooper Schultz. Cooper drove west on Interstate 44 and located the Buick near Phillipsburg. Cooper stopped the vehicle and asked the driver for his driver's license. The driver identified himself as the defendant and admitted he had been speeding. He also told Cooper that the vehicle was registered in the name of his "girlfriend and roommate."

Cooper asked the defendant to consent to a search of the Buick. The defendant consented, both orally and in writing. Cooper began his search of the vehicle near the driver's seat. He found a white plastic tray with "burn marks" on it and some seeds which appeared to be marijuana seeds in the carpet which covered the floorboard. Cooper smelled the burn marks and found that "they smelled like the odor [of] marijuana smoke." Cooper thereupon placed the defendant under arrest and gave him the warning required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Cooper contacted Trooper Schultz to advise him that a small amount of controlled substance had been found in the defendant's automobile, and continued the search.

Further search disclosed that there were 40 hypodermic syringes (in a sack) in the trunk of the automobile. Further search produced a pharmaceutical bottle which was marked phenobarbital, a plastic box containing a small amount of what appeared to be marijuana and a plastic wrapper which contained blotter paper.

■ As noted, the defendant has briefed a single point. He asserts that the evidence is insufficient to support the judgment of conviction. Specifically, the defendant contends there was no evidence that he intentionally, knowingly or willfully possessed any drug paraphernalia. The trial court's finding of guilt has the force and effect of a jury verdict and we must affirm the judgment if it is supported by substantial evidence. Rule 27.01(b); *State v. Giffin*, 640 S.W.2d 128, 130[1] (Mo.1982).

■ Section 195.020.2, RSMo 1986, provides in pertinent part that:

> "2. It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance or an imitation controlled substance in violation of this chapter."

In determining whether an accused has possessed drug paraphernalia, the court is authorized to consider not only the nature of the object, but its proximity to controlled substances or imitation controlled substances. See § 195.010(22). Upon the record before us, which does not contain the test reports received as State's exhibit 3, we cannot review the defendant's contention that the plastic tray which smelled like marijuana cannot be classified as drug paraphernalia. The hypodermic syringes, on the other hand, are clearly susceptible of being used to inject a controlled substance into the human body. The phenobarbital found in the Buick was in a pharmaceutical bottle from which an injection of phenobarbital might be drawn. Phenobarbital is a Schedule IV controlled substance and was

such a controlled substance on October 18, 1987. Section 195.017.8(2)(k), as amended, Laws of Mo.1987, p. 605.

■ The thrust of this appeal, nevertheless, is that the defendant was not intentionally and consciously in possession of drug paraphernalia. We are cited to a number of cases in which our courts have held that in order to sustain a conviction for possession of a controlled substance under § 195.020, the prosecution must prove that the defendant knowingly and intentionally possessed the proscribed substance. *State v. Bowyer*, 693 S.W.2d 845, 847 (Mo.App.1985). We are in agreement that conscious possession requires something more than the presence of the accused in the automobile where the contraband was found, as was the case in *Bowyer*. In this case, however, there are at least three additional inculpatory circumstances which support a finding of conscious possession. They are: 1) The defendant was alone in the car and had had exclusive control over it for some time. The shortest route from Niles, Michigan, where the defendant lived, to Lebanon, Missouri, is well over 400 miles. 2) The defendant evaded the first attempt to stop his vehicle. In *State v. Harrington*, 679 S.W.2d 906, 907[5–7] (Mo.App.1984), this court held such conduct is evidence supporting a finding of knowing possession of contraband. 3) Even though the syringes were found in the locked trunk of the automobile, they were found in the trunk with the defendant's clothing, thus permitting an inference that defendant knew the syringes were in the trunk. The finding of conscious possession does not rest solely upon proof of the presence of drug paraphernalia in a jointly controlled automobile and the defendant's point is ill taken. We find no error in any respect briefed in this court. Accordingly, the judgment is affirmed.

FLANIGAN, P.J., and MAUS, J., concurs.