STATE of Missouri, Respondent,

v.

Tyrand HADLEY, Appellant.

No. 73377.

Supreme Court of Missouri,
En Banc.

Sept. 10, 1991.

Rehearing Denied Oct. 16, 1991.

David S. Durbin, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

Tyrand Hadley was convicted by a jury of second degree murder, § 565.021.1, and armed criminal action, § 571.015.[1] He was given concurrent sentences of fifteen years and five years, respectively. On appeal to the Missouri Court of Appeals, Western District, two questions were raised regarding the selection and conduct of the jurors. One of the points challenged the constitutionality of § 494.495, RSMo Cum.Supp. 1990. Because the constitutionality of a statute is at issue, the appeal was transferred to this Court. Mo. Const. art. V, § 11.

The sufficiency of the evidence is not at issue. On April 12, 1989, Hadley and Ramsey Munn engaged in an argument following a craps game. Hadley struck Munn with a four-foot dowel, breaking the dowel. Hadley then began shooting at Munn. Munn, who was also armed, sought cover behind a nearby "dumpster" and returned fire. An eyewitness testified that Hadley was the aggressor and that he struck Munn in the head with the stick. In contrast, Hadley claimed that Munn had a pistol in his pocket and was attempting to draw it when Hadley hit Munn in the arm with the dowel. Hadley also claimed that it was Munn who first began to shoot. Munn died a short time after the incident

of a bullet wound. Hadley was arrested and charged with second degree murder and armed criminal action. Trial was commenced on March 12, 1990.

### I.

Defendant's first point argues that plain error occurred when the trial court failed, *sua sponte*, to strike two members of the venire, Yvonne Union and David Roberts, for cause. During the voir dire, the prospective jurors were asked if any of them believed defendant had to prove his innocence. Yvonne Union replied, "Well, I feel that if he doesn't take the stand that I wouldn't be able to judge it impartially."

Thereafter, the venire was asked if anyone knew Dr. John Overman, a pathologist, who would testify as to the cause of death. David Roberts replied that he worked closely with Dr. Overman, professionally, and "I would give extra weight to what he says, in all honesty." Roberts was then asked if he could "still judge the case fairly." To that question Roberts replied, "I could put the evidence in perspective to the best of my ability, yes." Although the trial judge invited challenges for cause, defense counsel made no challenges to any member of the venire.

Relief under the plain error rule is granted only when the alleged error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Sidebottom*, 753 S.W.2d 915, 920 (Mo. banc 1988). The rule requiring contemporaneous objections to the qualifications of jurors is well founded. It serves to minimize the incentive to sandbag in the hope of acquittal and, if unsuccessful, mount a post-conviction attack on the jury selection process. *State v. Sumowski*, 794 S.W.2d 643, 647 (Mo. banc 1990). For that reason, juror challenges made for the first time after a conviction are highly suspect. Even when a timely challenge for cause is raised, juror disqualification is not automatic. A clear abuse of

[1]. All references to statutes are to RSMo 1986, and references to rules are to Missouri Rules of Court 1991, unless otherwise noted.

discretion and a real probability of injury to the complaining party must be shown, and doubts as to the trial court's finding that a juror is qualified will be resolved in its favor. *State v. Walton*, 796 S.W.2d 374, 377–78 (Mo. banc 1990).

■■■ Any potential miscarriage of justice in having Yvonne Union on the jury was entirely dependent upon defendant failing to testify. From the outset, it was apparent defendant would testify. His was the only testimony supporting the claim of self defense. When defendant took the stand, the possibility of prejudice disclosed by Yvonne Union's voir dire examination evaporated. In any event, a trial court is under no duty to strike a juror on its own motion, even though the juror states on voir dire that if the defendant fails to testify the juror would be more likely to convict. *State v. Overby*, 432 S.W.2d 277, 279 (Mo.1968); *State v. Gamache*, 519 S.W.2d 34, 41 (Mo.App.1975).

■■ There was a good reason for defendant to leave David Roberts on the jury. Roberts was professionally acquainted with the pathologist who performed an autopsy on the victim. On direct examination by the prosecuting attorney the pathologist testified that the cause of death was a gunshot wound which penetrated the liver resulting in massive internal bleeding. No serious question existed that a bullet wound caused Munn's death. Defense counsel was able to elicit on cross examination of the pathologist that Munn had no injuries to his head. Cross examination also established the angle at which the bullet passed through Munn. The absence of injury to Munn's head was consistent with Hadley's testimony that he struck Munn in the arm and inconsistent with the testimony of the state's witness that Munn was struck in the head with the stick. The physician's testimony regarding the angle of the bullet was also referred to in closing argument and was supportive of the claim that the fatal shot came from some source other than the defendant. It was to defendant's advantage to have jurors who would give favorable consideration to the pathologist's testimony. Given the facts of this case, there was no manifest injustice or miscarriage of justice resulting from Roberts and Union remaining on the jury.

## II.

The case was submitted to the jury on March 14, 1990, at 11:20 A.M. After the jury deliberated most of the afternoon, the judge sent the jurors a message that the jury would either continue deliberating into the night or may be sent to a hotel, but in the meantime jurors would be permitted to make telephone calls. While the record is not clear on this, apparently these calls were to be made to family members to inform them that the jurors would be late arriving home. The only objection posited by defense counsel was that the jurors were to be kept together by the bailiff. The judge ordered that the jurors would be brought from the jury room to make calls three at a time in the presence of the bailiff; others were to be kept in the jury room.

Thereafter, the judge sent the jurors a note that he had decided not to send the jury to the hotel for the night. He stated that they should continue their deliberations. No objection was made to that communication. Some time later, the trial judge proposed to send to the jurors another note informing them of a third choice; he could send them home for the night. The proposed note asked, "Do you want to continue your deliberations now or go home?" Defense counsel objected, "[B]ecause I think it places the burden on whether or not this court is going to recess on the jury, and I think that's strictly within the province of the court ... and under the statute they can only be separated if the court is going to recess or adjourn." A further objection was made that the note was an "extraneous communication to the jury and might interfere with their deliberations." These objections were overruled. The jury was given the cautionary instruction provided for in MAI–CR 3d 300.04.2, directing them to avoid discussing the case or listening to or reading discussions by others until they returned to deliberate.

At about 6:00 P.M. the court adjourned until 9:30 A.M. the next day.

 Defendant's motion for new trial for the first time asserted that § 494.495 violates the Missouri Constitution, article I, § 22(a). As a general rule, a constitutional claim must be raised at the earliest opportunity and preserved at each stage of the judicial process. *Sumowski,* 794 S.W.2d at 647. Specifically, a constitutional challenge to a statute which is not made prior to motion for new trial is not preserved for review. *State v. Flynn,* 519 S.W.2d 10, 12 (Mo.1975). Nevertheless, this Court has from time to time granted review *ex gratia* on a plain error basis. *State v. Groves,* 646 S.W.2d 82, 83 (Mo. banc 1983); *Flynn,* 519 S.W.2d at 13. Because this is the first challenge to the constitutionality of § 494.-495 to reach this Court, the issue raised will be addressed.

Section 494.495 provides: "The court may permit the jury to separate at any adjournment or recess of the court during the trial and jury deliberation in all cases of misdemeanor or felony, except in capital cases."

The Missouri Constitution, article I, § 22(a), in pertinent part provides, "That the right of trial by jury as heretofore enjoyed shall remain inviolate."

Defendant relies heavily on *McLean v. State,* 8 Mo. 153 (1875), and *State v. Murray,* 91 Mo. 95, 3 S.W. 397 (1887), to support his claim that the provisions of the statute transgress the constitution. Neither of those cases specifically holds that prohibitions on separation of jurors during deliberations is a fundamental aspect of the right to a jury trial. In *McLean* the Court examined the statutes and found none permitting jurors to be separated after the jury was sworn. The Court noted that in the face of statutory silence, the common law applied. The Court concluded that under the common law in felony cases it was reversible error to permit jurors to "go at

large" after being sworn while the court was not in session. *McLean,* 8 Mo. at 159.

In *Murray* some jurors in a capital case went to a dining room of the hotel where they were being kept while others went to the saloon in the hotel. The sheriff, who had been charged to "keep them together," went with the contingent into the saloon and was out of sight of those in the dining room. The Court noted that a statute [2] enacted in 1879 allowed separation of jurors during a trial with consent of the parties in all felony cases, except capital cases. The Court concluded that the legislature intended "to cut off all power in the trial court, either with or without consent of the prosecuting attorney and the defendant, of permitting the jury to separate" in capital cases. *Murray,* 3 S.W. at 399. Neither *McLean* nor *Murray* equates a violation of the common law rule against separation of jurors to a violation of the more fundamental right to a trial by jury.

 The right to trial by jury as "heretofore enjoyed" includes all the substantial incidents and consequences that pertain to the right to jury trial at common law. *State ex rel. St. Louis, K. & N.W. Ry. v. Withrow,* 133 Mo. 500, 36 S.W. 43, 48 (banc 1896). These substantial incidents and consequences of a common law jury trial in a criminal proceeding are (1) twelve impartial jurors, (2) a jury summoned from the venue in which the crime was allegedly committed, (3) the jury's unanimous concurrence in the verdict, and (4) the jurors' freedom to act in accord with their own judgment. *State v. Hamey,* 168 Mo. 167, 67 S.W. 620, 623 (1902); *See also State v. Butts,* 349 Mo. 213, 159 S.W.2d 790, 793 (1942). The procedural amenities of the common law relating to management of the jury during the course of a trial are not essential elements of the common law right to jury trial. Unless there is a showing that a statute on its face or as applied impinges on one or more of the recognized

---

**2.** The statute referred to remained unchanged for many years. *See* § 546.230, RSMo 1978. In 1985 the section was modified to permit the trial court, without consent of the parties, to allow jurors to separate during the course of the trial of a felony if the jurors were properly admonished. § 546.230, RSMo 1986. Senate Bill 127, enacted in 1989, repealed § 546.230 and enacted § 494.495 quoted above.

elements of the common law right to a trial by jury, statutory procedures regarding jury management are valid. In this particular case the defendant has failed to demonstrate that § 494.495 violates any of those elements. His claim falls far short of demonstrating plain error. The second point is denied.

Accordingly, the judgment is affirmed.

ROBERTSON, C.J., RENDLEN, COVINGTON and BLACKMAR, JJ., PARRISH, Special Judge, and HIGGINS, Senior Judge, concur.

BENTON, J., not participating because not a member of the Court when case was submitted.