**STATE of Missouri, Respondent,**

v.

**Kipper Bob BOSWELL, Appellant.**

No. 16040.

Missouri Court of Appeals,
Southern District,
Division Two.

March 31, 1993.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

A jury convicted Kipper Bob Boswell (Defendant) of felony stealing. Section 570.030, RSMo 1986. He was sentenced to three years' imprisonment and appeals from that conviction.[1]

Defendant presents one point alleging the trial court plainly erred in not declaring a mistrial, *sua sponte*, after certain statements of the prosecutor during closing rebuttal argument. Defendant complains of the following statement:

> Find him guilty. Pull out that verdict form. Your biggest decision probably, I feel, should be to decide who your foreman will be. But once you get that picked you should go directly to the verdict form, fill it out, put seven years in there or whatever you want to give him. You have all the evidence you need to send out a message that you're going to punish this to the maximum degree.

According to Defendant, this argument encouraged the jury to ignore their duty under the instructions to find Defendant guilty beyond a reasonable doubt, implied the State's burden of proof was less than

---

1. Defendant filed a postconviction relief motion under Rule 29.15 after his conviction. His amended motion and request for evidentiary hearing resulted in the motion court's dismissal "without prejudice" of the case. Defendant appealed from that dismissal in Case No. 17215. The briefs were filed after we consolidated both appeals. The State conceded the point raised by Defendant in No. 17215 was well taken. By order, we vacated and remanded that proceeding for further disposition in the motion court. Thereafter, Defendant voluntarily dismissed his motion.

beyond a reasonable doubt, indicated the jury's only obligation was to pick a foreman and encouraged the jury not to deliberate.

A lengthy recitation of the facts is unnecessary in view of Defendant's point. Suffice to say, Defendant was arrested while driving a pickup truck a short time after the owner reported it stolen. Defendant testified he was hitchhiking home and was picked up by two men who forced him at gunpoint to participate in the theft of the truck. The jury found Defendant guilty after deliberating thirty-one minutes, apparently unpersuaded by his defense of duress.

■ Defendant acknowledges no objection was made to the prosecutor's argument nor was the issue raised in his new trial motion. In requesting plain error relief under Rule 30.20, Defendant further acknowledges that alleged error in closing argument justifies plain error relief only if its effect is decisive on the jury's determination. *State v. Wren,* 643 S.W.2d 800, 802 (Mo.1983).

■ Our plain error review is further tempered by the rule that we should rarely grant relief on assertion of plain error as to closing argument. *State v. Clemmons,* 753 S.W.2d 901, 907 (Mo. banc 1988), *cert. denied,* 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). "This is because, in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *Id.* at 907–08.

■ Furthermore, broad discretion is vested with the trial court to control closing argument, with wide latitude accorded counsel in their summaries. *State v. McDonald,* 661 S.W.2d 497, 506 (Mo. banc 1983), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1984). "A trial court's discretion in allowing or rejecting argument of counsel and its ruling are reversible only for an abuse of discretion where the argument is plainly unwarranted." *Id.* The trial court possesses the "best coign of vantage to assess the prejudicial effect of prosecutorial remarks." *Wren,* 643 S.W.2d at 802.

■ Here, Defendant lifts the quoted portion of the prosecutor's argument out of context. Prior to that argument the prosecutor repeatedly referred the jury to the instructions requiring a finding of Defendant's guilt beyond a reasonable doubt. He argued the State proved Defendant's guilt beyond a reasonable doubt, that determining credibility of the witnesses was up to the jury and Defendant's testimony was not believable. He indicated that by convicting Defendant, the jury would send a message that stealing in the community would not be tolerated. The prosecutor then concluded with the argument quoted above.

We find no manifest injustice nor miscarriage of justice by the trial court's failure to declare a mistrial, *sua sponte.* Clearly, the prosecutor's alleged improper argument did not have a decisive effect on the verdict of the jury. Any prejudicial effect of such argument was insignificant in view of the strong evidence of Defendant's guilt and his dubious story of duress.

The judgment is affirmed.

PREWITT and GARRISON, JJ., concur.