STATE of Missouri, Respondent,

v.

Anna M. HERNANDEZ, Appellant.

No. WD 48581.

Missouri Court of Appeals,
Western District.

July 5, 1994.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN P.J., and SMART and ELLIS, JJ.

LOWENSTEIN, Presiding Judge.

Hernandez appeals her conviction of one count of trafficking in the second degree, in violation of § 195.223 RSMo. Cum.Supp.1990, on the basis of: 1) the admission of the drugs seized during the search of the car she was driving; and 2) the sufficiency of the evidence to convict. She was sentenced to eight years imprisonment.

Hernandez was driving her parents, Pedro and Connie Cantu, and her three year old son from Texas to Detroit, Michigan when the car she was driving was pulled over for weaving into the lane of traffic occupied by Corporal Karsten of the Highway Patrol. The stop occurred on Interstate 70 just east of Kingdom City. Karsten asked Hernandez to accompany her to her patrol car. Hernandez complied. Hernandez did not have her Texas driver's license with her, and could only produce a "Value Club" ID card. When asked about the purpose of her trip, Hernandez replied she was taking her parents to Detroit to see relatives because her father recently had heart surgery. Karsten asked if they were taking drugs to Michigan. Hernandez said no, but Karsten observed Hernandez became nervous, her hands began shaking and her breathing quickened. Hernandez then consented to a search of the car. This questioning took approximately two to four minutes.

A computer check of the car's registration revealed the car was registered to Hernandez's father, Pedro Cantu. Cantu told Karsten they were going to see friends in Detroit. Cantu consented to a search of the car, and offered to open the trunk for Karsten, but she declined his offer because of his recent surgery. Cantu gave Corporal Karsten the car and trunk keys which she used to open the trunk.

Upon opening the trunk, Corporal Karsten immediately smelled the odor of processed marijuana. A duffel bag, three footlockers and two suitcases containing adult clothing were in the trunk. The duffel bag contained marijuana. The footlockers were locked. Pedro said he did not have keys to the footlockers so they were forcibly opened, marijuana was found in them. The footlocker keys were later found on the floorboard behind the drivers' seat of the car. Hernandez and her parents were arrested.

Hernandez told Karsten her parents had picked her up in Mission, Texas, that they had spent the night in Dallas and went to Oklahoma and Chicago, spent the night in Iowa, and she was not sure who they were meeting in Michigan. She also told Karsten she was being paid $500 to drive the car. It is not clear from the record who was paying her the $500.

### SEARCH

Appellant's first point is the court erred in not suppressing the 97 pounds of marijuana on the grounds she was pretextually detained because she is Hispanic. Review of a motion to suppress is limited to a

determination whether the evidence is sufficient to support the trial court's ruling. *State v. Burkhardt*, 795 S.W.2d 399, 404 (Mo. banc 1990). The facts and all reasonable inferences arising therefrom are to be viewed in a light most favorable to challenged motion. *State v. Blankenship*, 830 S.W.2d 1, 14 (Mo. banc 1992). Since Hernandez failed to raise this issue at either her motion, at the suppression hearing, or at trial, she is limited to plain error review. Plain error review is limited to those cases where there is a "strong, clear demonstration of manifest injustice or miscarriage of justice." *State v. Collis*, 849 S.W.2d 660, 663 (Mo.App.1993). Such is not the case.

■ Weaving within the lane of traffic was a sufficient basis for an investigative stop. *State v. Malaney*, 871 S.W.2d 634, 637 (Mo.App.S.D.1994). As long as the police do that which they are authorized to do, their motives are irrelevant and not subject to inquiry. *State v. Mease*, 842 S.W.2d 98, 105–106 (Mo. banc 1992) cert. denied —— U.S. ——, 113 S.Ct. 2363, 124 L.Ed.2d 269 (1993). The search of an automobile pursuant to probable cause to believe evidence of a crime is within the automobile is a well established exception to the Fourth Amendment warrant requirement. *Burkhardt*, 795 S.W.2d at 404. Probable cause is not an issue since both Ms. Hernandez, the driver, and Cantu, the owner, consented to the search. A consent to search is valid only if it is freely given. *State v. Hyland*, 840 S.W.2d 219, 221 (Mo. banc 1992). Consent is freely and voluntarily given if considering "the totality of the circumstances" an objective observer would conclude the person giving consent made a free and unconstrained choice to do so. *Id.* (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973)). Here, the record shows Hernandez and Cantu freely gave their consent to search the vehicle. Cantu even offered to open the trunk, but because of his recent surgery Corporal Karsten declined the offer and opened it herself after he handed her the keys. The record is devoid of any evidence of duress or coercion. See *Malaney*, 871 S.W.2d at 635–636, 637–638.

■ Hernandez also asserts the stop lost its lawful character due to its duration. A traffic stop may lose its lawful character if it extends beyond the time reasonably necessary to effect its initial purpose. *State v. Hyland*, 840 S.W.2d at 221. There is no evidence in the record which demonstrates the stop was any longer than necessary to run the requisite computer checks on Hernandez's license and car registration. While waiting for the results of the computer results, Corporal Karsten asked Hernandez about the transportation of drugs, at which time, because of Hernandez's reaction she became suspicious and asked for consent to search the car. There is no evidence of undue delay.

Finally, Hernandez asserts she was targeted by Corporal Karsten because she is Hispanic. There is no evidence on the record to support this allegation. Point one is denied.

### SUFFICIENCY OF EVIDENCE

Hernandez's second point is there was insufficient evidence to convict her of trafficking in the second degree. When reviewing the sufficiency of the evidence this court does not weigh the evidence, but rather determines whether there was sufficient evidence from which a reasonable person could conclude that the defendant was guilty as charged. *State v. Keller*, 870 S.W.2d 255, 259 (Mo.App.1994). This court accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict. *Id.*

A violation of § 195.223, RSMo. Cum.Supp. 1993, is as follows:

7. A person commits the crime of trafficking drugs in the second degree if, except as authorized by sections 195.005 to 195.425, he possesses or has under his control, purchases or attempts to purchase, or brings into this state more than thirty kilograms or more of a mixture or substance containing marijuana ...

■ Possession may be either actual or constructive. *Keller*, 870 S.W.2d at 260. Proof of constructive possession requires at a minimum, evidence the defendant had access to and control over the premises where the

substance was found. *State v. Purlee*, 839 S.W.2d 584, 588 (Mo. banc 1992). Where the state proves an accused had exclusive control of the premises or vehicle, the law infers the contraband therein is under his possession and control. *State v. Harris*, 807 S.W.2d 528, 530 (Mo.App.1991). However, where there is joint possession the state "must prove additional circumstances to inculpate the accused." *Id.;* See also *State v. Barber*, 635 S.W.2d 342 (Mo 1982). Reasonable inferences drawn from circumstantial evidence can establish the elements of possession and knowledge. *State v. Parrish*, 852 S.W.2d 426, 428 (Mo.App.1993). The "presence of large quantities of a controlled substance may buttress an inference of possession and control if consistent with the totality of the circumstances." *Keller*, 870 S.W.2d at 260, (citing *State v. Caldwell* 698 S.W.2d 566, 574 (Mo.App.1985)). The defendant's access to an area in which drugs are found is another incriminating fact which is not destroyed by the fact that others also had access, *State v. Weide*, 812 S.W.2d 866, 869 (Mo.App.1991) [57], as are signs of visible nervousness and fidgeting. *See Burkhardt*, 795 S.W.2d at 405. The presence of a large amount of drugs together with access tends to show conscious possession. *Purlee*, 839 S.W.2d at 588.

■ The evidence here is sufficient to support the conviction of second degree trafficking. The defendant drove the car for protracted periods of time with over 90 pounds of marijuana in the trunk, she and her parents were the only ones with access to the trunk, she had the car and trunk keys in her possession, the keys to the footlockers holding the drugs were on the floorboards behind her seat, she became nervous and her breathing quickened when questioned about the presence of drugs, she was to be paid $500 to drive from Texas to Michigan, Hernandez and her father gave inconsistent statements as to who they were going to visit in Detroit (he said friends and she said family), and finally, Corporal Karsten smelled the odor of processed marijuana immediately upon opening the trunk. *See State v. Villa–Perez*, 835 S.W.2d 897, 901 (Mo. banc 1992). While the circumstances need not be absolutely conclusive of guilt, they need not demonstrate impossibility of innocence; while the

jury may have chosen to acquit here, they did not. *Purlee*, 839 S.W.2d at 589. The evidence was sufficient to submit on the defendant's constructive possession of the drugs. Point two is denied.

Judgement affirmed.