STATE of Missouri, Plaintiff–
Respondent,

v.

Kenneth MISHLER, Defendant–
Appellant.

No. 19848.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 1, 1995.

Emmett D. Queener, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GARRISON, Judge.

Kenneth Mishler (Defendant) appeals his jury conviction and three-year sentence for the class C felony of possession of a controlled substance in violation of § 195.202, RSMo 1994. He alleges that the evidence was insufficient to support the conviction,

and that the State was permitted to make improper remarks during closing argument.

At 9:00 p.m. on December 17, 1993, Granby police officer Scott Whitman stopped a 1985 Pontiac for speeding and failing to keep to the right. Defendant was the driver and sole occupant of the vehicle, which was registered to a person Defendant identified as the grandmother of a friend from whom he had borrowed the car six hours earlier. Two other officers arrived while Officer Whitman was awaiting the results of a computer check concerning the validity of Defendant's driver's license and the existence of any outstanding warrants. When Officer Whitman went back to speak with the other officers, he noticed that Defendant leaned over toward the passenger side of the vehicle so that he was completely out of sight. The officer went back to the Pontiac and asked Defendant to "stay still" while he waited for the computer verification. He also asked Defendant to relax because he was "very nervous, and acting hyperactive." Whitman returned to the other officers, but noticed that Defendant had again leaned over toward the passenger side of the vehicle, and again went completely out of sight. Whitman "ran back up to [Defendant's] car, and ... demanded that he stay in a position that [he] could at all times see him."

One of the other officers testified that Defendant seemed extremely nervous while they were waiting for the computer check to be completed. He also testified that when Defendant got out of the car, he stood with his arm on the door as if he did not want the officers to get into the car.

When the computer check revealed that Defendant's driver's license was valid, he was told he could leave. He told the officers, however, that there was a warrant for his arrest in Kansas for non-support which he was sure would eventually be located on the computer. When the computer check verified that information, and Defendant was placed under arrest, he asked what they were going to do with the car. He also closed and locked the door to the vehicle and

was adamant about his wife getting the keys and coming after the car.

The car was inventoried after Defendant was taken into custody, and a small bag of white powder was found in a "slit" between the driver and passenger seats. The location where the bag was found was also described in the testimony as under the driver's seat. The powder was identified as approximately four grams of a mixture containing methamphetamine, a controlled substance.

■■■ In his first point relied on, Defendant contends that the trial court erred in overruling his motions for judgment of acquittal and sentencing him because the evidence was insufficient to support the conviction. In reviewing Defendant's conviction, this court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993); *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). In reviewing a challenge to the sufficiency of the evidence, we do not weigh the evidence but determine only whether there was evidence from which reasonable persons could have found the defendant guilty. *State v. Thomas*, 737 S.W.2d 247, 250 (Mo.App.S.D.1987).

Section 195.202 states, in part, "it is unlawful for any person to possess or have under his control a controlled substance." It further provides, with an inapplicable exception, that any person who violates the statute with respect to any controlled substance is guilty of a class C felony.

■■■ To prove possession of a controlled substance, the state must prove (1) conscious and intentional possession of the substance, either actual or constructive, and (2) awareness of the presence and nature of the substance. *State v. Fuente*, 871 S.W.2d 438, 442 (Mo. banc 1994); *State v. Garrison*, 896 S.W.2d 689, 691 (Mo.App.S.D.1995). Both possession and knowledge can be proved by circumstantial evidence. *State v. Barber*, 635 S.W.2d 342, 343 (Mo.1982).

Defendant cites *State v. Ingleright,* 782 S.W.2d 147, 149 (Mo.App.S.D.1990), for the proposition that "conscious possession requires something more than the presence of the accused in the automobile where the contraband was found. . . ." This element of the offense may be satisfied by other factors or circumstances. *See State v. Villa–Perez,* 835 S.W.2d 897, 901 (Mo. banc 1992); *State v. Ingleright,* 782 S.W.2d at 149. For instance, constructive possession will suffice to support a conviction when other facts support an inference of defendant's knowledge of the presence of the substance. *State v. Garrison,* 896 S.W.2d at 691; *State v. Mercado,* 887 S.W.2d 688, 690–91 (Mo.App.S.D.1994). *See also State v. Purlee,* 839 S.W.2d 584, 588 (Mo. banc 1992). "The State must present some incriminating circumstance that implies that the accused knew of the presence of the drugs and that the same were under his control." *Id.* *See also State v. Ingleright,* 782 S.W.2d at 149.

The State presented sufficient evidence in the instant case from which reasonable jurors could have found that Defendant knowingly possessed the methamphetamine in question. Although Defendant did not own the vehicle in which the drugs were found, he had been in possession of the car for six hours that day and had sole possession of the vehicle at the time of the stop. The drugs were discovered either between the front seats or under the driver's seat, either of which he clearly had access to. A defendant's access to an area where drugs are found is an incriminating fact. *State v. Hernandez,* 880 S.W.2d 336, 339 (Mo.App. W.D.1994).

Officer Whitman testified that Defendant was "very nervous, and acting hyperactive" during the stop. Visible nervousness is probative of defendant's awareness of the controlled substance. *State v. Hernandez,* 876 S.W.2d 22, 24 (Mo.App.E.D.1994). Although visible nervousness alone is not sufficient evidence from which reasonable jurors could find a defendant guilty, it is one incriminating fact which will support a conviction if

consistent with the totality of the circumstances. *State v. Mercado,* 887 S.W.2d at 692; *State v. Hernandez,* 880 S.W.2d at 339.

Officer Whitman also testified that when he left the Pontiac to talk with the other officers, Defendant leaned over toward the passenger side of the vehicle and went completely out of sight. Although he was told to remain still and in full view, Defendant did the same thing again when the officer left the Pontiac a second time. Additionally, Defendant later positioned himself in the car's open door as if he did not want the officers to get into the car. When he was placed under arrest, he was concerned about what was going to be done with the car and wanted the officers to bring his wife to the scene so she could take the car. He also locked the car himself, although all that was found inside, in addition to the drugs in question, was a bottle of baby powder and an "As Is Warranty" sticker used by car dealers.

Action resembling an effort to conceal constitutes evidence reasonably implying consciousness of guilt. *State v. Harris,* 807 S.W.2d 528, 530 (Mo.App.W.D.1991). In *Harris,* the defendants, when caught in the rangers' search lights, quickly bent forward, almost disappearing. Cocaine was found on the floor directly in front of the passenger seat. The court held that "[a] reasonable person could conclude from that evidence that the defendant . . . when discovered . . . tried to hide the syringe and container." *Id.* In *State v. Hernandez,* 876 S.W.2d at 23, a deputy sheriff observed defendant place his hand in his pocket, remove it in a fist, and reach toward the center section of the seat. Defendant then thrust his fist between the two seats. An inventory search of the car revealed cocaine in the area where defendant had thrust his fist. The court found this evidence, combined with nervousness, was sufficient to convict defendant of possession. *Id.* at 24.

Defendant testified at trial and denied any knowledge that the drugs were in the car, saying that he had borrowed the car

from a friend.[1] He explained his movements in leaning over in the car by saying he was "putting a cigarette out in the ash tray"[2] and denied that he was ever completely out of the officers' sight. The jury, however, was not required to believe Defendant's testimony. *State v. Garrison*, 896 S.W.2d at 692. Credibility and weight of testimony are for the jury to determine, and a jury may believe all, some or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case. *State v. Sand*, 731 S.W.2d 488, 491 (Mo.App. S.D.1987). The jury is entitled to accept the state's evidence as true, and reject the defendant's testimony as false. *Id.* at 491–92. While the circumstances need not be absolutely conclusive of guilt, they need not demonstrate the impossibility of innocence; while the jury may have chosen to acquit, they did not. *State v. Hernandez*, 880 S.W.2d at 339.

▆▆ In reviewing a circumstantial evidence case, the appellate court must decide only whether a reasonable juror could find each of the elements of the charged crime beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d at 55. In the instant case, we hold that there was sufficient evidence to support the conviction. Point one is denied.

▆▆ Appellant claims in his second point that the trial court erred in failing *sua sponte* to strike a portion of the Prosecutor's closing argument in which he allegedly personally vouched for the credibility of the State's evidence and witnesses. The portion of the State's closing argument about which Defendant complains is as follows:

But one of the things that you must also understand is that we don't make up the facts. We don't invent a story. You have Officer Whitman and Officer Tarrant, who made a stop in Granby. On some occasions one officer is the only one who will make the stop. And you just have to lay the facts out in front of the jury just as they occurred. We have to tell the truth. And that is what has happened today.

Defendant acknowledges, however, that no objection was made to this argument at trial, that no claim was raised concerning this issue in his motion for new trial, and that he raises this matter for the first time on appeal. Under these circumstances nothing is preserved for appellate review. *State v. Coutee*, 879 S.W.2d 762, 766 (Mo.App.S.D. 1994); *State v. McCrary*, 621 S.W.2d 266, 272 (Mo. banc 1981). Defendant requests that we review for plain error pursuant to Rule 30.20, V.A.M.R.

▆▆ Plain error relief will be granted " 'only when the alleged error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected.' " *State v. Coutee*, 879 S.W.2d at 766 (quoting *State v. Hadley*, 815 S.W.2d 422, 423 (Mo. banc 1991)). Appellate courts rarely grant plain error relief concerning closing arguments because, "absent objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *Id. See also State v. Storey*, 901 S.W.2d 886, 897 (Mo. banc 1995); *State v. Boswell*, 849 S.W.2d 739, 740 (Mo. App.S.D.1993); *State v. Lawson*, 876 S.W.2d 770, 774 (Mo.App.S.D.1994). Trial judges should act *sua sponte* only in exceptional circumstances. *State v. L___ R___*, 896 S.W.2d 505, 510 (Mo.App.S.D.1995). Further, the trial court is in the best position to assess the prejudicial effect of a prosecutor's statements. *State v. Coutee*, 879 S.W.2d at 766. Assertions of plain error regarding closing arguments are generally denied without explanation. *State v. Cobb*, 875 S.W.2d 533, 537 (Mo. banc 1994); *State v. Rodgers*, 899 S.W.2d 909, 912 (Mo.App.S.D.1995).

▆▆ Attorneys are to be given wide latitude in closing argument and may make rea-

---

1. The friend did not testify although Defendant testified that he was still in the area.

2. There was no explanation, however, about why this movement occurred a second time shortly after the first such occurrence.

sonable inferences from the evidence. *State v. Coutee,* 879 S.W.2d at 766. The prosecutor also has the right, within the limits of closing argument, to provide the state's view on the evidence and the credibility of the witnesses. *Clemmons v. State,* 785 S.W.2d 524, 530 (Mo. banc 1990), *cert. denied,* 498 U.S. 882, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990).

■ In the instant case, the Prosecutor's statements do not justify plain error relief. The use of "I" or "we" does not automatically inject personal beliefs into an argument. *State v. Storey,* 901 S.W.2d at 897. Further, the instant case is distinguishable from *State v. Evans,* 820 S.W.2d 545, 548 (Mo.App.E.D. 1991), cited by Defendant, because the prosecutor in *Evans* implied that he had extrajudicial evidence which established the defendant's guilt. No such implication appears from the argument in this case.

■ Additionally, alleged errors by a prosecutor in closing argument justify relief under the plain error standard of review only if they are determined to have had a decisive effect on the jury. *State v. Sidebottom,* 753 S.W.2d 915, 920 (Mo. banc 1988), *cert. denied,* 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988). In order for comments made during a closing argument to have had a "decisive effect" on the jury, there must be a reasonable probability that, in the absence of the statements, the verdict would have been different. *State v. Roberts,* 838 S.W.2d 126, 132 (Mo.App.E.D.1992). In the instant case, we are unable to conclude that Defendant is entitled to relief under the plain error standard of review as a result of the statements complained of. This point is, therefore, denied.

Defendant's final point of error also pertains to the State's closing argument. He contends that the Prosecutor impermissibly argued that the jury should convict him to correct societal problems rather than because of evidence of his guilt. The argument complained of was the following:

The last thing I'll leave you with in the first part is this. I asked each of you, and

there was a very affirmative answer to this question, do you think drugs should be legalized? And nobody ever raised their hand. Do you think we pay too much attention to drug cases? Nobody raised their hand. And then the last one, which I want you to remember the most, which of you in that jury panel wants someone who uses methamphetamine to live next door? And no one raised their hand.

So while the packet of methamphetamine sitting in front of this judge may be small, the reaction, the devastation, the destruction, is not. And all you have to do is live in our world today to know that methamphetamine is destructive.

I'm going to ask you to find him guilty, and I want you to send him to the Department of Corrections, to prison, to get him out of our neighborhood.

During the State's final argument, the prosecutor said:

Here's your chance to make a difference. And I want you to think about this when you go back into the room.

Thereafter, the prosecutor said:

Do you want it into the environment, the society, to the workplace? How much is enough to get just a little bit angry about it? How much is enough until you start to care? No, it's not two hundred pounds; that's not why we're here. But you have got a man who won't take responsibility for his own actions, and denies everything. It's always somebody else's fault.

So when [Defendant's attorney] tells you, ladies and gentlemen, that a little bit of dope doesn't do much harm—

[Defendant's attorney]: Judge, I object. I never said that. I never said a little bit of dope does no harm, and he knows it.

[Prosecutor]: Oh good, a little bit of dope does a whole lot of harm then. So get rid of him. Get him out of the county. Get him out of the neighborhood. Don't send him to the county jail; nobody wants him here. Don't fine him. That's an embarrassment. Send him to prison.

I'm going to ask you to do this. This is my recommendation, which I have the right to give. I want you to take a look at this form, and I'm asking you to send him to the Department of Corrections for three years.

Now will this fix all of the dope problem? No. Would it be like taking two hundred pounds of methamphetamine out of Granby? No. But it is a start. And you twelve people is where it starts, with Kenneth Mishler. This is our only opportunity. Send him to prison. Send him for three. Thank you.

Defendant concedes that the portions of the argument now complained of were not objected to at trial. Therefore, review of this point, like that of Point II, is only for plain error.

 A prosecutor may legitimately argue that the jury should "send a message" that criminal conduct will not be tolerated or should be severely punished. *State v. Cobb,* 875 S.W.2d at 537; *State v. Rodgers,* 899 S.W.2d at 912. *See also State v. Morrison,* 869 S.W.2d 813, 816 (Mo.App.S.D.1994). Argument is also permitted concerning the prevalence of crime in the community, the personal safety of its inhabitants, and the jury's duty to uphold the law as well as inferences from its failure to convict. *State v. Newlon,* 627 S.W.2d 606, 618–619 (Mo. banc 1982), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149; *State v. Crenshaw,* 852 S.W.2d 181, 187 (Mo.App.S.D. 1993).

Unlike other cases in which convictions were reversed because of improper closing arguments, the argument in the instant case did not suggest the possibility of personal harm to the jurors in the event of an acquittal. *See State v. Tiedt,* 357 Mo. 115, 206 S.W.2d 524, 527–28 (banc 1947); *State v. Ellinger,* 549 S.W.2d 136, 139–40 (Mo.App. W.D.1977); *State v. Heinrich,* 492 S.W.2d 109, 115–16 (Mo.App.W.D.1973).

Defendant cites *United States v. Solivan,* 937 F.2d 1146, 1153–54 (6th Cir.1991), for the proposition that a prosecutor may not urge jurors to convict a defendant in order to protect community values, preserve civil order, or deter future lawbreaking. *Solivan* is not controlling here, however, because in that case the claim of error was preserved by a timely objection, and the principle for which it is cited is contrary to our Supreme Court decisions referred to above. *State v. Crenshaw,* 852 S.W.2d at 187. See also *State v. Sublett,* 887 S.W.2d 618, 620 (Mo.App.W.D. 1994), in which the Western District of this court refused to reverse a conviction "under the strict standards for plain error" even though the argument was considered more inflammatory than that in *Solivan.*

We are unable to conclude in the instant case that the argument in question resulted in a manifest injustice or a miscarriage of justice requiring relief under the strict standards of plain error. This point is denied.

Judgment affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.