### STATE of Missouri, Plaintiff–Respondent,

v.

### Eric Scott EBEIRUS, Defendant–Appellant.

### No. 26823.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 3, 2006.

---

6. As best we discern, Oregon is not a signatory to the Compact.

Margaret M. Johnston, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Roger W. Johnson, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Eric Scott Ebeirus ("Defendant") was convicted by a jury of two counts of the class C felony of forgery, violations of Section 570.090,[1] and was sentenced as a prior and persistent offender to consecutive ten-year terms. On appeal, Defendant maintains the trial court committed plain error by failing to *sua sponte* strike two members of the venire panel for cause because they indicated an inability to acquit a defendant who did not present evidence. We

1. All references to statutes are to RSMo (2000) unless otherwise indicated.

affirm the trial court's judgment in part, and remand for correction of a clerical error in the judgment.

As Defendant does not challenge the sufficiency of the evidence supporting his conviction, facts stated in this opinion are limited to those necessary for the disposition of the issue. The record reveals that on March 26, 2003, Defendant and his girlfriend went to a convenience store in Lebanon, Missouri, where Defendant's sister worked as a cashier. Defendant presented a blank check to his sister, already signed by "Brad Hunter," to pay for his purchases. His sister initialed and accepted the check after Defendant had filled in the amount. A couple of hours later Defendant and his girlfriend returned to the store and made another purchase. Defendant again presented a check in the name of "Brad Hunter."

The next day, the store manager noticed that the two checks accepted from Defendant were over the limit allowed by store policy. She called the bank to see if they would clear and was told that the checks had been written on a "closed account." She then contacted Brad Hunter, and was told that the checks had been stolen. Later, Defendant was stopped for a traffic offense while driving a car belonging to his girlfriend and in which she was a passenger. A search of the car revealed several checks belonging to "Brad Hunter."

Defendant was charged with two counts of forgery. At trial, Defendant called one witness, but did not testify himself. A jury found Defendant guilty on both counts, and Defendant was sentenced as a prior and persistent offender to consecutive terms of ten years. This appeal followed.

Defendant, in his sole allegation of error, maintains:

The trial court plainly erred in failing to *sua sponte* strike venire members Martin and Bartlett for cause because they both indicated that they would believe [Defendant] to be guilty if he did not testify, in violation of [Defendant's] rights to due process of law and a fair trial by an impartial jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 18(a) of the Missouri Constitution, in that Martin and Bartlett's inability to acquit a defendant who did not present evidence disqualified them from jury service and placed upon [Defendant] a burden to present a defense, which was manifestly unjust.

We disagree.

■ To qualify as a juror, a venireperson must enter upon that service with an open mind, free from bias and prejudice. *State v. Wheat,* 775 S.W.2d 155, 158 (Mo. banc 1989). The State bears the burden of proof in a criminal trial, and a venireperson who is unable to follow that principle must be excused for cause. *State v. Lang,* 795 S.W.2d 598, 602 (Mo.App. E.D.1990). "For a trial court to deny a legitimate challenge for cause constitutes an abuse of discretion and reversible error." *State v. Walker,* 795 S.W.2d 522, 525 (Mo.App. W.D.1990).

■ In the present case, during *voir dire* examination, the members of the venire panel were asked if they understood that the State bore the burden of proof in showing Defendant's guilt. They all indicated that they did. Later, during *voir dire,* the following exchange took place between Defendant's counsel and the venire:

Defendant's Counsel: Now, is there anyone here in this group who, because of the charge, which is a forgery count or counts that they're alleging he did, is there anyone that has a problem with

the fact the defense may not want to put on any evidence at all, may feel that it's not necessary, just don't do it—just doesn't do it? Would anyone consider that a bad thing, they think the accused ought to present some evidence? ...

. . . .

Venireperson Martin: ... I do realize where the burden of proof lies, but I should think, personally speaking, if I was accused of something, I would want to help prove that I did not do it by providing evidence.

. . . .

Venireperson Bartlett: I feel that if you did not have to state your case on your side, how are we going to know both sides of the story if all we're hearing is just one side from the plaintiffs?

Defendant did not move to strike Bartlett and Martin for cause, nor did Defendant exercise peremptory strikes for those jurors. "The failure to make a timely and proper objection to members of a jury panel constitutes a waiver." *State v. Wilson,* 888 S.W.2d 744, 750 (Mo.App. E.D. 1994).

▅▅▅ Recognizing that this point is not properly preserved for appeal, Defendant requests that we grant relief for plain error pursuant to Rule 30.20.[2] This rule provides, in pertinent part, that "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. Under the plain error rule, prejudice exists where the error complained of impacts the rights of a defendant so substantially that manifest injustice or a miscarriage of justice will result if the error is not corrected. *State*

v. *Dillard,* 158 S.W.3d 291, 299 (Mo.App. S.D.2005). The appellant has the burden of showing manifest injustice or miscarriage of justice. *State v. Mitchell,* 145 S.W.3d 21, 22 (Mo.App. S.D.2004). Plain error review should be used sparingly and is not a justification to review every point that has not been properly preserved. *Id.* We find no basis for plain error relief here.

Missouri courts have consistently held that a trial court is under no duty to remove any venire member *sua sponte.* *State v. Eastburn,* 950 S.W.2d 595, 599 (Mo.App. S.D.1997); *State v. Overby,* 432 S.W.2d 277, 279 (Mo.1968); *State v. Johnson,* 637 S.W.2d 290, 291 (Mo.App. S.D. 1982); *State v. Dodson,* 595 S.W.2d 59, 60 (Mo.App. E.D.1980); *State v. Lane,* 551 S.W.2d 900, 907 (Mo.App.K.C.1977); *State v. Gamache,* 519 S.W.2d 34, 41 (Mo.App.St. L.1975). Furthermore, Defendant cites no case where a trial court has been found to have committed reversible error, under plain error review, for failing to remove a member of the venire *sua sponte.* This absence is the natural result of the policy requiring a contemporaneous objection to the qualifications of jurors. "[Such a policy] serves to minimize the incentive to sandbag in the hope of acquittal and, if unsuccessful, mount a post-conviction attack on the jury selection process." *State v. Hadley,* 815 S.W.2d 422, 423 (Mo. banc 1991). "For that reason, juror challenges made for the first time after a conviction are highly suspect." *Id.* "A defendant cannot stand trial, hoping for acquittal, and then challenge the selection of the jury which convicts." *State v. Bynum,* 680 S.W.2d 156, 160 (Mo. banc 1984).

In any event, we find that Defendant was not prejudiced by Bartlett and Martin's presence on the jury. In so finding,

---

**2.** All references to rules are to Missouri Rules of Criminal Procedure (2004) unless otherwise indicated.

we are instructed by *Hadley* and *Eastburn.*

In *Hadley,* a prospective juror stated she could not be impartial if the defendant did not take the stand. 815 S.W.2d at 423. Defense counsel made no challenges to any member of the venire. *Id.* The Supreme Court of Missouri held that "[a]ny potential miscarriage of justice in having [the venireperson] on the jury was entirely dependent upon defendant failing to testify.... When defendant took the stand, the possibility of prejudice ... evaporated." *Id.* at 424.

Similarly, in *Eastburn,* two members of the venire panel indicated that they expected the defendant to prove his innocence. 950 S.W.2d at 597. Neither juror was challenged for cause and both served on the jury. *Id.* at 597–98. The defendant testified at trial. *Id.* at 598. Following *Hadley,* this court held that where a defendant testifies, a trial court cannot be convicted of reversible error for failing to remove a venireperson *sua sponte* because he believed that the defendant should testify. *Id.* In addition, we held there was no basis for plain error relief on the grounds that the trial court should have removed the veniremembers because they expected the defendant to prove his innocence. *Id.* at 598–99.

In the present case, Bartlett and Martin both indicated an expectation that Defendant would present evidence. The record shows that Defendant called one witness, his brother, to testify at trial. Any potential miscarriage of justice in having Bartlett and Martin on the jury, because of their responses during *voir dire,* was entirely dependent upon Defendant failing to present evidence. When Defendant presented evidence at trial, "the possibility of prejudice ... evaporated." *Hadley,* 815 S.W.2d at 424. Given the facts of this case, there was no manifest injustice or miscarriage of justice resulting from Bartlett and Martin remaining on the jury. Defendant's point is denied.

The rejection of Defendant's point on appeal does not, however, end our consideration of this case. As previously related, Defendant was charged as a prior and persistent offender. The trial court found that Defendant was a prior and persistent offender and announced that it was sentencing him accordingly. However, the written judgment and sentence fails to reflect that finding. The failure to memorialize accurately the decision of the trial court as it was announced in open court was clearly a clerical error. "Rule 29.12 permits a trial court to correct such clerical errors in the judgment that obviously are a result of oversight or omission." *State v. Taylor,* 123 S.W.3d 924, 931 (Mo. App. S.D.2004) (quoting *State v. Booyer,* 87 S.W.3d 926, 931 (Mo.App. S.D.2002)). We affirm the conviction and sentence, but remand this case with instructions to the trial court to enter a written judgment reflecting the judgment and sentence as announced by the trial judge in open court.

BATES, C.J., and BARNEY, J., concur.